# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

PATRICK HAIR,

       Plaintiff,

v.                                                    Case No:   6:25-cv-359-CEM-LHP

AUTONATION USA
CORPORATION,

       Defendant

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

Before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), which has been construed as a motion for leave to proceed *in forma pauperis*.  Doc. No. 2.  The matter has been referred to the undersigned and is ripe for review.  Upon consideration, the undersigned will respectfully recommend that the motion (Doc. No. 2) be denied without prejudice and Plaintiff's complaint (Doc. No. 1) be dismissed with leave to amend.

## I.    BACKGROUND.

On March 3, 2025, Plaintiff Patrick Hair, appearing *pro se*, instituted this action against Defendant Autonation USA Corporation, by filing a Complaint for Employment Discrimination and Retaliation.   Doc. No. 1.   Plaintiff asserts claims of discrimination, hostile work environment, and retaliation under Title VII of the Civil Rights Act ("Title VII") and the related Florida Civil Rights Act ("FCRA"), and a claim for failure to accommodate his disability (diabetes) in violation of the Americans With Disabilities Act ("ADA").   *Id.*[1]   In sum, Plaintiff's claims stem from his employment with Defendant during an unidentified time period, with Plaintiff alleging the following facts in toto:

### A. Discriminatory Employment Practices

7. Defendant engaged in discriminatory hiring and onboarding practices, delaying Plaintiff's employment start date despite confirming his hire. Plaintiff was treated less favorably than similarly situated employees who did not share his protected characteristics.

8. Defendant's HR department failed to communicate Plaintiff's onboarding status, and management publicly undermined Plaintiff's qualifications, making false and discriminatory statements.

### B. Failure to Accommodate a Disability (ADA Violation)

9. Plaintiff, who has diabetes, requested a reasonable accommodation due to a documented health condition.    Despite providing medical

---

[1] At the beginning of the complaint, Plaintiff also references the Fair Labor Standards Act ("FLSA"), Doc. No. 1, at 1, but the FLSA is not further mentioned in the complaint.   Accordingly, this report does not further address the FLSA.

documentation, Defendant failed to accommodate Plaintiff's medical needs and instead subjected him to harassment and retaliation.

10. Defendant's management made derogatory comments regarding Plaintiff's medical condition and unfairly criticized his work attendance despite prior medical approval.

## C. Hostile Work Environment and Retaliation

11. Plaintiff faced disparate treatment and favoritism, with management selectively assisting favored employees while undermining Plaintiff's ability to make sales and earn commissions.

12. Plaintiff was subjected to intimidation, threats, and verbal abuse from both management and coworkers, including an incident where a manager balled his fists and warned Plaintiff to "keep his mouth closed."

13. Defendant failed to protect Plaintiff from harassment despite multiple complaints, allowing a toxic work environment to persist.

## D. Retaliation for Reporting Misconduct

14. Plaintiff reported discriminatory practices, workplace safety violations (OSHA), and predatory lending practices. In response, Defendant retaliated by isolating Plaintiff, restricting his job responsibilities, and suspending him under pre-textual reasons.

15. Following a customer complaint about an inflated interest rate (26.43%), Defendant faced an investigation. Plaintiff, who was involved in the transaction, was subsequently subjected to heightened scrutiny and retaliation, including attempts to sabotage his sales performance.

16. After requesting legal counsel during a performance hearing, Plaintiff was suspended again, demonstrating retaliatory intent by the employer.

## E. Pattern of Favoritism and Unlawful Practices

17. Defendant engaged in predatory lending by inflating interest rates for customers, disproportionately affecting minority buyers. Plaintiff became aware of these practices and attempted to intervene on behalf of customers.

18. Defendant's management encouraged covert misconduct, such as manipulating finance terms to dissuade customers from purchasing vehicles. Plaintiff witnessed fraudulent lending practices that led to a government agency investigation.

19. The employer protected employees who complied with unethical practices while retaliating against those who challenged unlawful behavior.

*Id.* at 2–3.   The claims asserted under Title VII, the FCRA, and the ADA do not incorporate any of these specific facts but instead are stated in general terms.   *Id.* at 3.   Plaintiff seeks compensatory and punitive damages, injunctive relief, reinstatement or front pay, and fees and costs.   *Id.* at 4.

The complaint is unsigned.   *See id.* at 4–6.   Plaintiff submits with the complaint a "Witness List," a "Description of Evidence," and a Determination and Notice of Rights from the United States Equal Employment Opportunity Commission.   *Id.* at 7–12.   With the complaint, Plaintiff has also filed a motion to for leave to proceed *in forma pauperis*.   Doc. No. 2.

## II.   STANDARD OF REVIEW.

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*.   First, the Court must evaluate the plaintiff's financial status and determine whether he or she is eligible to proceed *in*

*forma pauperis.* 28 U.S.C. § 1915(a)(1). Second, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B)(i)–(iii).[2] A complaint is frivolous within the meaning of § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th

---

[2] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.   Moreover, a *pro se*

litigant "is subject to the relevant law and rules of court, including the Federal Rules

of Civil Procedure."   *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493

U.S. 863 (1989).

## III.   ANALYSIS.

On review of Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2), it

appears that Plaintiff qualifies as a pauper pursuant to § 1915(a)(1).   However, the

complaint is not signed.   *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion,

and other paper must be signed by at least one attorney of record in the attorney's

name--or by a party personally if the party is unrepresented. . . .   The court must

strike an unsigned paper unless the omission is promptly corrected after being

called to the attorney's or party's attention.").   For the sake of completeness, the

undersigned also addresses the sufficiency of Plaintiff's claims.   Upon

consideration, Plaintiff's complaint (Doc. No. 1) fails to state a claim, and thus it is

subject to dismissal under § 1915(e).

In sum, Plaintiff's complaint fails to provide sufficient factual support.   To

establish a discrimination claim under Title VII, Plaintiff must demonstrate that he

is "a qualified member of a protected class and was subjected to an adverse

employment action in contrast with similarly situated employees outside the

protected class."   *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004),

*abrogated on other grounds by Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1218 (11th Cir. 2019); *see also Andrews v. City of Hartford*, 700 F. App'x 924, 926 (11th Cir. 2017) ("[A] complaint must allege sufficient facts to allow the court to draw the reasonable inference that the employer engaged in discrimination.").[3]   "Although a Title VII complaint need not allege facts sufficient to make out a classic . . . prima facie case, it must provide enough factual matter (taken as true) to suggest intentional . . . discrimination."   *Pouyeh v. Bascom Palmer Eye Inst.*, 613 F. App'x 802, 810 (11th Cir. 2015) (quoting *Davis v. Coca–Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008)).   But besides conclusory assertions, Plaintiff does not identify to what protected class he belongs or allege how he was discriminated against based on such protected characteristic.   And other than a conclusory statement, he identifies no similarly situated employees that were treated differently.   *See, e.g.*, *Gilliam v. U.S. Dep't of Veterans Affairs*, No. 2:16-cv-255-FtM-29CM, 2018 WL 3707834, at *5–6 (M.D. Fla. Aug. 3, 2018) (dismissing disparate treatment discrimination claims for failure to adequately plead potential comparator).   Moreover, Plaintiff's general claims of harassment are otherwise "no more than labels or conclusions," which are insufficient to state a claim under Title VII.   *See Chapman v. U.S. Postal Serv.*, 442 F. App'x 480, 484 (11th Cir. 2011).

---

[3] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36-2.

As to his retaliation claims, Plaintiff must allege that "(1) [he] participated in an activity protected by Title VII; (2) [he] suffered an adverse employment action; and (3) there is a causal connection between the participation in the protected activity and the adverse action." *Arafat v. Sch. Bd. of Broward Cty.*, 549 F. App'x 872, 874 (11th Cir. 2013) (citing *Pipkins v. City of Temple Terrace,* 267 F.3d 1197, 1201 (11th Cir. 2001)).    But here too, Plaintiff's claims of retaliation and the facts in support are conclusory.    *See, e.g.*, *Satchel v. Sch. Bd. of Hillsborough Cty.*, 251 F. App'x 626, 628 (11th Cir. 2007) (finding allegations in plaintiff's complaint, "including filing a union grievance, filing an informal complaint of harassment by a co-worker, and writing letters to the editor of local newspapers, do not constitute the type of protected activity contemplated by Title VII because [plaintiff] failed to allege that the complaints included in these documents had any relationship to [a protected characteristic] or otherwise indicate that [defendant] was engaged in unlawful employment practices"); *cf. Pinder v. John Marshall Law Sch., LLC*, 11 F. Supp. 3d 1208, 1263 (N.D. Ga. 2014) ("[I]t is not enough for a plaintiff to show that he opposed garden-variety unfairness or harsh treatment in the workplace; he is only protected from retaliation if the practice he opposed or complained about is specifically prohibited by Title VII.").

Finally, with regard to the ADA, to state a claim, "a plaintiff must allege sufficient facts to plausibly suggest '(1) that he suffers from a disability, (2) that he

is a qualified individual, and (3) that a "covered entity" discriminated against him on account of his disability.'"  *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (quoting *Cramer v. Florida*, 117 F.3d 1258, 1264 (11th Cir. 1997)).   The ADA defines "disability" to include any "physical or mental impairment that substantially limits one or more major life activities."   42 U.S.C. § 12102(1)(A). The ADA also defines a "qualified individual" as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."   42 U.S.C. § 12111(8).

Here, Plaintiff alleges that he suffers from diabetes and Defendant failed to provide accommodations based thereon.   Doc. No. 1.   But Plaintiff does not allege how his diabetes "substantially limits one or more major life activities," nor does Plaintiff identify the accommodation requested.   *See, e.g., Williams v. Sch. Bd. of Pinellas Cty., Fla.*, No. 8:22-cv-2279-JLB-CPT, 2023 WL 2810731, at *4 (M.D. Fla. Apr. 6, 2023) ("Mr. Williams's omission of how the School Board failed to reasonably accommodate him, or what accommodations—if any—he was owed, is fatal to the prima facie case." (citation and quotation marks omitted)).   Plaintiff also does not include sufficient facts alleging that he was a "qualified individual" for purposes of the ADA.   Indeed, "[t]he complaint includes no fact allegations about the type of position [Plaintiff] held, what that position required, or whether his disability prevented him from performing those requirements."   *See Marable v. Jack's Fam.*

*Restaurants*, No. 2:23-CV-00876-NAD, 2024 WL 42622, at \*2 (N.D. Ala. Jan. 3, 2024) (finding failure to state an ADA claim for same reason).

For these reasons, the undersigned will respectfully recommend that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e). *See, e.g.*, *Pouyeh*, 613 F. App'x at 810 ("The district judge properly dismissed Pouyeh's discrimination claims, since Pouyeh did not provide sufficient factual matter to suggest discrimination.").

Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint. *See Sifford v. Ford*, 701 F. App'x 794, 796 (11th Cir. 2017) ("Generally, a district court must *sua sponte* provide a *pro se* plaintiff at least one opportunity to amend his complaint, even where the plaintiff did not request leave to amend." (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002))). Because it is at least possible that Plaintiff may file an amended complaint stating a claim, the undersigned will recommend that the Court allow Plaintiff to file an amended complaint, within a time established by the Court.

Should Plaintiff be permitted leave to amend, Plaintiff is cautioned that he must sign the complaint. In an amended complaint, he must also include factual allegations stating a plausible claim for relief, which requires him to "plead[] factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

Therefore, in an amended complaint, Plaintiff must clearly allege the legal basis of the cause of action, whether a constitutional provision, treaty, statute, or common law. Plaintiff must name as Defendants only those persons who are responsible for the alleged violations. Plaintiff must allege in the body of the complaint, under a section entitled "Statement of Facts," how each named Defendant participated in the activity that allegedly violated his rights. Plaintiff must also allege some causal connection between each Defendant named and the injury he allegedly sustained. Finally, Plaintiff must allege specifically harm or injury by the actions and/or omissions of the Defendant(s).

Because Plaintiff is currently proceeding without a lawyer, the undersigned directs his attention to the Court's website, http://www.flmd.uscourts.gov. On the Court's homepage, Plaintiff can find basic information and resources for parties who are proceeding without a lawyer in a civil case by clicking on the "For Litigants" tab and then clicking on "Litigants without Lawyers."

## IV.   RECOMMENDATION.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the Court:

1.    **DENY without prejudice** the motion to proceed *in forma pauperis* (Doc. No. 2);

2.    **DISMISS** the complaint without prejudice (Doc. No. 1);

3.    **PERMIT** Plaintiff to file a signed amended complaint, within a time established by the Court, along with a renewed motion to proceed *in forma pauperis*, by filing an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).[4]

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 7, 2025.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

---

[4] The Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) is available on the Court's website, https://www.flmd.uscourts.gov, by selecting "For Litigants," and "Litigants Without Lawyers," and then selecting "Forms."

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy